IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GRAMM RAEDEKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. _____ |
| | ) |
| BELMONT UNIVERSITY, | ) |
| | ) JURY DEMANDED |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES

NOW advances Gramm Raedeke, an individual of the full age of majority who is domiciled in St. Louis, Missouri, who alleges the following:

1. Made Defendant herein is Belmont University, a non-profit Tennessee corporation with its principal place of business in Davidson County, Tennessee, and whose registered agent is Jason Rogers, 1900 Belmont Boulevard, Nashville, TN 37212.

2. Venue is proper in this division as the acts of fault alleged in this case occurred on the Belmont University campus located in Davidson County, Tennessee.

3. Jurisdiction is proper in this matter as the parties have diverse citizenship pursuant to 28 U.S.C. § 1332.

4. In January 2024, Gramm Raedeke was a freshman student enrolled at Belmont University.

5. Mr. Raedeke was a music major and lived in a dormitory within the Belmont University campus.

6. On January 15, 2024, Davidson County suffered 6.3 inches of snowfall which, combined with the weather and the fact that this was the Martin Luther King, Jr. Day holiday, school classes were cancelled on both January 15 and 16.

7. At approximately 1 p.m. on January 16, 2024, Mr. Raedeke entered the Johnson Center on the Belmont University campus where he intended to proceed to the student cafeteria located on the second floor of the Johnson Center.

8. As Mr. Raedeke entered the Johnson Center lobby, he could see remnants of snow, melting snow, ice and puddling water.

9. There were some floor mats at the door entrance, but they did not lead directly to the stairwell or to the elevator.

10. Mr. Raedeke could see that there was water and melting snow on the stairwell and concluded that it would not be safe to attempt to walk up the stairs.

11. Mr. Raedeke carefully walked across the lobby floor and as he approached the elevator he slipped on some water and fell on his left arm and shoulder and was injured.

12. Mr. Raedeke was taken by EMS to Vanderbilt University Medical Center where he was diagnosed and treated for a fractured humerus of his upper left extremity.

13. Mr. Raedeke shows that the fault of the incident for which he was injured was due to the actions of Belmont University and their employees and agents.

14. Belmont University's fault, and by extension its employees and agents, was the proximate cause of the incident for which Mr. Raedeke was injured and whose acts of fault include, but are not limited to, the following:

    A. Belmont University was aware of the adverse snowy, cold conditions and as such cancelled classes on both Martin Luther King, Jr. Day (January 15) and the following day (January 16).

    B. Belmont University was aware of the fact that they had scores of students living on campus without adequate transportation who were forced to be campus-bound.

    C.    Belmont University was aware that adverse weather during January months can produce icy and snowy conditions and failed to have or failed to enforce policies and procedures to allow its students to walk safely within campus buildings.

    D.    Belmont University, its staff members, employees and agents were aware that the Johnson Center lobby was a high trafficked area because the student cafeteria is located on the second floor of that building.

    E.    Belmont University, its staff, employees and agents were aware that there was snow, melting snow, ice and water on the Johnson Center lobby floor presented a hazard to Belmont students and staff members walking across the Johnson Center lobby floor.

    F.    Having notice of the hazard in place, Belmont University was at fault by not taking action to prevent the hazard or to minimize it to prevent the trafficking over ice, snow any melting snow, and water.

15. As a result of the fault of Belmont University, Gramm Raedeke was injured suffering a fracture in his upper left extremity.

16. Gramm Raedeke's injuries caused him to suffer damages which include, but are not limited to, the following:

    A.    Past medical, hospital, doctor, rehabilitation and other related medical treatment;

    B.    Past and future pain, mental suffering, anguish and anxiety;

    C.    Loss of enjoyment of life; and

    D.    Loss of ability to attend classes and at least two (2) concerts for which he was scheduled to appear.

17. Gramm Raedeke seeks compensation in excess of $75,000.00.

18. Gramm Raedeke seeks trial by jury.

WHEREFORE, Gramm Raedeke prays that after all due proceedings are had that there be judgment in his favor and against Belmont University for reasonable compensation in excess of $75,000.00, for trial by jury, and all equitable relief.

Respectfully submitted,

By: s/Edmund J. Schmidt III
Edmund J. Schmidt III, TN Bar #021313
LAW OFFICE OF EDDIE SCHMIDT
2323 21st Avenue South, Suite 502
Nashville, Tennessee 37212
Phone (615) 678-6320
Fax (615) 454-6357
Email eddie@eschmidtlaw.com