## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | |
|---|---|
| **GRAMM RAEDEKE** ) | |
| ) | **No. 3:24-cv-01485** |
| **v.** ) | **Judge Richardson** |
| ) | **Magistrate Judge Holmes** |
| **BELMONT UNIVERSITY** ) | |

## INITIAL CASE MANAGEMENT ORDER

The initial case management conference was held on March 25, 2025. Counsel participating were: Edmund Schmidt for Plaintiff and Timothy Palmer for Defendant. From the parties' proposed initial case management order (Docket No. 10) and discussion during the initial case management conference, and pursuant to Local Rule 16.01, the following case management schedule and plan is adopted:

A.     JURISDICTION:  This Court has jurisdiction pursuant to a diversity jurisdiction pursuant to 28 U.SC. §1332.  However, defendant reserves the right to conduct discovery into the residency of the plaintiff and challenge diversity jurisdiction if lacking.

B.     BRIEF THEORIES OF THE PARTIES:

**PLAINTIFF:** On the day before the incident that gave rise to this litigation, Davidson County experienced approximately six (6) inches of snowfall. At that time, Gramm Raedeke was a freshman student at Belmont University. Mr. Raedeke lived on campus and ate in the student cafeteria located on the second floor of the Johnson Center on the Belmont University campus. In the early afternoon of January 16, Mr. Raedeke entered the Johnson Center with the intent of going to the second-floor cafeteria in order to eat. Mr. Raedeke could see that there was snow, slush and water on the stairways leading up to the cafeteria and intended to take the elevator across the lobby. As Mr. Raedeke walked across the lobby, he slipped on water and fell and fractured his arm. The

1

action taken by Belmont University staff given the conditions of the lobby and that it was a high-trafficked area where students had to access were inadequate and negligent. The university staff should have removed the snow, slush, ice and water from the lobby and stairway and if that was not possible, the staff should have provided protective covers to ensure that the students were not walking on and through snow, slush, ice and water.

**Damages**

Mr. Raedeke suffered a fractured humerus of his upper left extremity which required him to wear a splint and undergo several weeks of physical and occupational therapy. The injury caused Mr. Raedeke to suffer a disruption in his studies and to miss two (2) concerts for which he was scheduled to perform. His damages include general pain and suffering, loss of enjoyment of life, and medical treatment costs that total $18,645.49.

**DEFENDANT:** Defendant Belmont University denies that it was negligent in this case. Defendant pleads the comparative fault of Plaintiff or other unknown persons in his company. Plaintiff failed to use reasonable care to look out for his own safety and well-being by failing to recognize and travel upon the designated floor mats for traction and walking and by failing to maintain his shoes in a safe and dry manner free of water and ice from the environment, and by ignoring signage in the area of the accident in question indicating there might be wet areas on the floor ahead and failing to proceed with appropriate caution to his destination given the conditions present at the time.

**Damages**

Defendant denies that plaintiff is entitled to any damages on the claims asserted in this case. Plaintiffs damages, if any, were legally caused by his own negligence or the negligence of those in his company either individually or jointly.

C.     ISSUES RESOLVED: Jurisdiction (pending residency discovery) and venue.

D.     ISSUES STILL IN DISPUTE: Liability and damages.

E.     INITIAL DISCLOSURES: The parties already exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). If copies of responsive documents and other materials (e.g. photos, videos, etc.) were not exchanged, the parties must promptly supplement their initial disclosures to provide such copies.

F.     CASE RESOLUTION AND JOINT STATUS REPORTS: The parties are encouraged to make settlement efforts throughout the pendency of this case and must make a **minimum of two independent, substantive** attempts at resolution. By no later than **July 31, 2025**, the parties must file a joint case resolution status report confirming their first substantive attempt at settlement. **The parties must have conducted enough discovery or otherwise exchanged enough information prior to this date to substantively evaluate and discuss settlement.** The parties' joint reports **must state** the specific steps taken toward case resolution, including that **an offer or demand was made <u>and responded to with a counter-offer</u> and that counsel discussed the parties' positions and specific next steps to promote case resolution**. In other words, the parties must exchange settlement terms and conditions and must "show their work" in creating a plan to facilitate successful settlement negotiations. The parties' second attempt must be by mediation, which must be concluded by no later than **September 15, 2025**. Promptly upon selection of a mediator and scheduling of mediation, and by no later than **July 31, 2025**,[1] the parties must file a joint notice of mediation details, which confirms their selection and identity of the selected mediator and the date on which mediation is scheduled. A report of mediation, which will constitute the second required case resolution status report, must be filed in

---

[1] The joint case resolution status report and joint notice of mediation details may be combined in one filing.

accordance with Local Rule 16.05(b) and by no later than **two (2) business days following mediation**. The parties may participate in additional mediation by agreement without the need of further order unless referral for pro bono mediation is requested (which must be made by motion). Any motion for pro bono mediation must include a statement as to why private mediation is not feasible. Any motion for a judicial settlement conference must state (i) the reasons why mediation is not feasible and why a judicial settlement conference is the preferable means of attempting to resolve the case; (ii) the parties' proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. The parties' compliance with this case resolution plan is not optional. **That discovery may be ongoing or a dispositive motion may be pending does not relieve the parties of their compulsory obligations under this case resolution plan.**

G. DISCOVERY: The parties must complete all written discovery and depose all fact witnesses on or before **August 29, 2025**. Written discovery and scheduling of depositions must proceed promptly. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. Discovery is not stayed during dispositive motions, unless ordered by the court. The Court expects all parties and their counsel to cooperate in discovery and to act courteously and professionally in the resolution of any discovery disputes. The Court may impose appropriate sanctions, including any of those authorized by Fed. R. Civ. P. 16(f) or 37(b)(2)(A), upon a finding of a failure to comply with this or any discovery order or upon a finding of other discovery misconduct. No discovery disputes may be brought to the Court for resolution before lead counsel for all parties have conducted an in-person meeting and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the in-person meeting must be brought promptly to the attention of the Magistrate Judge by the filing of a joint discovery dispute statement

4

and a joint motion for a discovery conference. It will be within the Magistrate Judge's discretion to allow filing of discovery-related motions, after counsel have scheduled and participated in a discovery conference. All discovery disputes must be brought to the Court's attention and all discovery-related motions must be filed by no later than **August 15, 2025**, unless otherwise permitted by the Court. In connection with any discovery conference, the parties must file a joint discovery dispute statement, of no more than 3 pages per affected party per issue, which identifies and describes the specific discovery request(s) in dispute and details each party's position with supporting facts and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement must certify that lead counsel for all parties conducted the required in-person meeting and made a good faith effort to resolve each discovery dispute presented in the statement. No discovery conference will be held until a compliant joint statement is filed. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

H. AMENDMENTS OR ADDITION OF PARTIES: Any motions to amend or to add parties must be filed no later than **April 18, 2025** and must comply with Local Rules 7.01 and 15.01. Failure to comply with local rules may result in summary denial of the motion. Amendments or addition of parties by written consent under Fed. R. Civ. P. 15(a)(2) must clearly and conspicuously state that the amended pleading is filed by written consent. Failure to clearly and conspicuously provide notice of the consent filing may result in the amended pleading being stricken.

I.    DISCLOSURE AND DEPOSITIONS OF EXPERTS: The plaintiff must identify and disclose all expert witnesses and expert reports on or before **August 15, 2025**. The defendant must identify and disclose all expert witnesses and reports on or before **September 15, 2025**. Rebuttal experts and reports shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. See Local Rule 39.01(c)(5)(C). The parties must depose all expert witnesses on or before **September 25, 2025**. Further, when retaining an expert, each party must confirm the expert's availability so that it is not necessary to seek an extension of the expert disclosures and depositions deadlines.

J.    ANOTHER CASE MANEGEMENT CONFERENCE. The Court will no longer set second case management conferences or require the parties to file status reports as a matter of course in civil actions. The parties and their counsel are reminded of their responsibility to prepare this case according to the case management schedule. Failure to do so may result in any of the remedies authorized by Fed. R. Civ. P. 16(f). The Court will not provide reminders of case management deadlines and will not otherwise prompt the parties to give attention to this case. The parties may request that a case management conference be set by filing a joint motion for a case management conference, which must identify all issues to be discussed and detail the status of all case management events. If the purpose of the requested conference is to discuss extending case management deadlines, the motion must comply with the requirements for modifications of the case management order as instructed below. The parties must also state whether they request an in-person or telephonic case management conference

6

K. DISPOSITIVE MOTIONS: **Any dispositive motions under Fed. R. Civ. P. 12 shall be filed and briefed in accordance with that rule and Local Rule 7.01.** Motions for summary judgment and all other non-Rule 12 dispositive motions must be filed on or before **October 17, 2025**. Responses to dispositive motions must be filed **within 28 days** after the filing of the motion. Memoranda of law in support of or in opposition to a dispositive motion shall not exceed 20 pages. Optional replies may be filed **within 14 days** after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion must first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court.

All attorneys are required to read *McLemore v. Gumucio*, 619 F.Supp.3d 816 (M.D. Tenn. 2021) (*rev'd on other grounds*), regarding what should (or should not) be included in the summary judgment movant's "statement of undisputed material facts," and any parties moving for summary judgment or responding to a motion for summary judgment are expected to follow the guidance detailed in the *McLemore* opinion. Counsel must carefully draft the statement of undisputed material facts and response to ensure that each is a concise, focused, and non-argumentative statement of facts (not opinion, argument, or legal conclusions) that are material to the outcome of the case and are undisputed as supported by the record.

L. ELECTRONIC DISCOVERY. The parties have reached agreements on how to conduct electronic discovery. Specifically, the parties agree that ESI will be produced in a PDF searchable format. Any agreement between the parties as to any other topics addressed by Administrative Order No. 174-1 must be reduced to writing, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted

7

as proposed agreed order with an accompanying motion for approval. In the absence of compliance with this requirement, the default standards of Administrative Order No. 174-1 will apply to any ESI topic other than the parties' agreement to formatting of produced ESI.

M.     MODIFICATION OF CASE MANAGEMENT ORDER. Any motion to modify the case management order or any case management deadline must be filed **at least seven (7) days** in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether there is any object to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement of counsel that the requested extension will not cause any dispositive motion deadline, including response any reply briefs, to be later than 120 days in advance of the trial date. Motions for extensions must also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the specific facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4). Failure to do so may result in denial of the requested extension.

N.     ESTIMATED TRIAL AND TARGET TRIAL DATE: The **JURY** trial of this action is expected to last **approximately 2 to 3 days**.[2] A trial date no earlier than **April 7, 2026** is

---

[2] The parties were also reminded during the case management conference of their option to consent to final disposition by the Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse consequences, and the Notice should be filed **only if <u>all parties consent</u>** to final disposition by the Magistrate Judge.

requested. An order setting dates for trial and a pretrial conference, and detailing the parties' pretrial obligations, will be entered separately by Judge Richardson.

It is so **ORDERED.**

BARBARA D. HOLMES
United States Magistrate Judge